IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY KNIGHT,

                                         ORDER

                Plaintiff,

                                      07-cv-718-bbc

    v.

TRAVIS MYREN, C. TOPF WELLS
KATHLEEN FALK and DANE COUNTY,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Rodney Knight has moved for reconsideration of this court's opinion and order granting summary judgment to defendants on plaintiff's claim that he was denied due process when he did not receive a salary increase for his job as airport counsel for defendant Dane County.  Dkt. #49.  In his summary judgment submissions, plaintiff argued that he was entitled to a hearing before being denied the raise because the county board promised him in a resolution that he would receive "future salary increases" to insure that his pay was 105% of the pay of the highest-paid employee he supervised.  I granted summary judgment to defendants for two reasons: (1) the resolution did not grant plaintiff a property interest in a raise because doing so would conflict with state law and a collective bargaining agreement that determined salary on the basis of seniority; (2)  even if plaintiff did have a

property interest in a raise, he was deprived of that interest as a result of the union's enforcement of state law and the collective bargaining agreement rather than any failure by defendants to give him process.

In his motion for reconsideration, plaintiff argues that his accretion into the union has not yet taken effect because it has not been approved by the county board. Thus, plaintiff says, the collective bargaining agreement does not apply to him and he retains a property interest in salary increases at least until he becomes a member.

Plaintiff's argument fails for a number of reasons. First, plaintiff does not point to any proposed finding of fact that he submitted in support of his allegation that he is not a member of the union and he cites nothing in the record supporting his assertion now. By failing to comply with this court's procedures for submitting evidence, plaintiff has waived any argument that relies on his assertion that he is not a union member. Fabriko Acquisition Corporation v. Prokos, 536 F.3d 605, 607-08 (7th Cir. 2008) ("[A] district court is entitled to demand strict compliance with [procedural] rules for responding to a motion for summary judgment, and . . . a court does not abuse its discretion when it opts to disregard facts presented in a manner inconsistent with the rules.").

Second, plaintiff's argument misses the point. It is undisputed that, because plaintiff does not supervise any employees, his position is a union position. He advances no argument that the union or defendants erred in concluding that plaintiff was required to join

the union because of the nature of his job.  Thus, once plaintiff's job was properly classified, defendants had no discretion to set the terms of plaintiff's employment without taking into account state law and the collective bargaining agreement.

Finally, plaintiff ignores the alternate holding in the summary judgment opinion, which was that "plaintiff ultimately became subject to the limitations of the collective bargaining agreement . . . not [as] the result of any action by defendants, but rather the actions of the union under law that was in effect at the time of the resolution."  Dkt. #49, at 4-5.  Thus, even if I agreed with plaintiff that he had a property interest in a salary increase, it would not be sufficient to vacate the judgment.

Plaintiff develops other arguments in his reply brief in support of his motion for reconsideration, but I have disregarded these because they were not included in his original motion.  Nelson v. La Crosse County Dist. Attorney, 301 F.3d 820, 836 (7th Cir.2002) (arguments raised for the first time in the reply brief are waived).

ORDER

IT IS ORDERED that plaintiff Rodney Knight's motion for reconsideration, dkt.

3

#51, is DENIED.

Entered this 5th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4